UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80620-CIV-MARRA/MATTHEWMAN

RIGOBERTO SANTAMARIA PEREZ,

Plaintiff,

vs.

SOUTH FLORIDA LANDSCAPE
MAINTENANCE, INC., RONALD FABERMAN,

Defendants.

_____/

## OPINION AND ORDER

This cause is before the Court upon Defendants' Motion for Leave to Amend Answer and Add Counterclaim (DE 13), filed November 27, 2013.  The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I.  Background

On June 18, 2013, Plaintiff filed a Complaint alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b) for violations of overtime pay.  (DE 1).  On September 13, 2013, Defendants filed an Answer to the Complaint. (DE 8.)  The deadline to amend the pleadings was January 2, 2014. (DE 11.)  Defendants now seek to amend the Answer to include counterclaims for breach of contract and conversion.  The allegations for the counterclaims state that Defendants agreed to sell a commercial grade lawn mower to Plaintiff for which Plaintiff could take possession and make installment payments.  After taking possession, Plaintiff failed to make any payments and has remained in possession of the lawn mower. (Proposed counterclaims, Ex. 1, attached to DE 13.)

Defendants move to amend pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.  Plaintiff opposes this request, arguing that the proposed counterclaims are based entirely on state law and is premised on a different set of facts and events than those underlying the FLSA claim.  Plaintiff contends that these are permissive, and not compulsory counterclaims, and therefore the Court lacks supplemental jurisdiction over the counterclaims.

II. Discussion

The Court begins its analysis with an examination of the Supplemental Jurisdiction statute, 28 U.S.C. § 1367.  That statute provides in pertinent part:

> ... in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).

In determining whether state law claims "are so related" to a federal claim, a court should examine "whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." Hudson v. Delta Air Lines, Inc., 90 F.3d 451, 455 (11th Cir.1996); see Lucero v. Trosch, 121 F.3d 591, 598 (11th Cir.1997) (finding state and federal claims derive from common nucleus of operative facts because the claims rely on identical actions of defendants); Palmer v. Hospital Auth. of Randolph County, 22 F.3d 1559,1563-64 (11th Cir.1994) (standard met when federal and state claims involve same witnesses, presentation of same evidence, determination of same facts); L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 427 (11th Cir.1984) (acts by same witnesses were basis for both federal and state claims).

It is without question that a claim brought pursuant to the FLSA provides a private right

of action, grounded in federal law, and therefore creates federal question jurisdiction. 29 U.S.C. 216(b), 28 U.S.C. § 1331; see Palmer, 22 F.3d at 1563.  The pivotal question before the Court then is whether the counterclaims and the FLSA claim arise out of a common nucleus of operative facts. The Court finds that they do not.  Simply put, the evidence and witness testimony needed to prove the FLSA violation will differ greatly from the evidence needed to prove the counterclaims.  Presumably, Plaintiff will present evidentiary records relating to hours worked and pay received from Defendants as well as testimony from Plaintiff, and possibly co-workers, regarding the hours worked by Plaintiff.  In contrast, Defendants will need to show evidence of a contract relating to the sale of the lawn mower, the value of the lawn mower, and the demands for return of the lawn mower.  Hence, these claims do not rely on identical actions of the parties and will require separate proof to demonstrate the allegedly wrongful conduct.  The only factor these claims share in common is that they concern identical parties; i.e., Plaintiff and Defendants. The Court finds such a nexus too attenuated to meet the standard for exercising supplemental jurisdiction.  See Lyon v. Whisman, 45 F.3d 758, 762 (3d Cir. 1995) (insufficient nexus between the plaintiff's FLSA claim and state law contract and tort claims to justify supplemental jurisdiction when the only link between these claims is the "general employer-employee relationship" between the parties); Vallesillo v. Remaca Truck Repairs, Inc., No.  09-80714-CIV, 2009 WL 4807397, at * 2 (S.D. Fla. Dec. 4, 2009) (same).

Next, the Court finds that the counterclaims are not compulsory.  A counterclaim is compulsory if it "arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim."  Fed. R. Civ. P. 13(a). The test the court uses to determine whether the claim and counterclaim arise from the same transaction or occurrence is the "logical relationship"

test.  See Construction Aggregates, Ltd. v. Forest Commodities Corp., 147 F.3d 1334, 1337 n.6 (11th Cir. 1998); Republic Health Corp. v. Lifemark Hospitals, 755 F.2d 1453, 1455 (11th Cir.1985); U.S. v. Aronson, 617 F.2d 119, 121 (5th Cir.1980).[1]  Under that test, a logical relationship exists when "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant."  Bakewell v. Federal Fin. Group, Inc., No. 1:04-CV-3538-JOF, 2006 WL 739807, at *3 (N.D. Ga. Mar. 21, 2006) (citing Plant v. Blazer Financial Services, Inc. of Georgia, 598 F.2d 1357, 1361 (5th Cir.1979)).

Applying the "logical relationship" test, the Court finds that the proposed counterclaims are not compulsory.  Plaintiff's claim for denial of overtime pay and Defendants' counterclaims that Plaintiff did not pay, as promised, for a lawn mower do not appear to rise out of the same operative facts.  See Hutton v. Grumpie's Pizza and Subs, Inc., No. 07-81228-CIV, 2008 WL 1995091, at * 2 (S.D. Fla. May 7, 2008) (claim for overtime pay and counterclaim for stolen money do not arise out of same operative facts); Bullion v. Ramsaran, No. 07-61463, 2008 WL 2704438, at * (S.D. Fla. July 7, 2008) (claim pursuant to FLSA and counterclaim for the plaintiff's shoddy work as a subcontractor do not arise out of same operative facts).  The Court rejects Defendants' argument that the counterclaims are compulsory "because the core facts alleged by Plaintiff (that there are overtime monies due him) activated additional rights that the Defendants have; namely, their setoff defense . . . ." (Reply at 18.)  Defendants' argument

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

however, falls short of the "logical relationship" test and they fail to cite caselaw in support of their position.

Generally speaking, if a counterclaim is permissive rather than compulsory, the Court must find an independent jurisdictional basis, such as federal question or diversity jurisdiction, for the counterclaim to proceed in federal court.  See East-Bibb Twiggs Neighborhood Assoc. v. Macon Bibb Planning & Zoning Commission, 888 F.2d 1576, 1578 (11th Cir.1989).  That stated, there is a line of cases recognizing that permissive counterclaims for set-off may proceed, despite the lack of an independent basis for jurisdiction, when the counterclaim is interposed defensively as a set-off to reduce a plaintiff's recovery but does not seek affirmative relief.  See Lefkovitz v. Wagner, 395 F.3d 773, 781 (7th Cir. 2005); United States v. Heyward-Robinson Co., 430 F.2d 1077, 1081 n.1 (2d Cir. 1970); Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co., 426 F.2d 709, 715 (5th Cir. 1970); Owner-Operator Independent Drivers Assoc., Inc. v. Arctic Express, Inc., 238 F. Supp. 2d 963, 969 (S.D. Ohio 2003); Allapattah Svcs., Inc. v. Exxon Corp., 157 F. Supp. 2d 1291, 1322-23 (S.D. Fla. 2001); see also 13 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3523 (2d ed. 1984).  Thus, if this exception applies it would allow Defendants to present evidence to reduce Plaintiff's recovery, if Plaintiff prevails on his FLSA claims.[2]

Before the Court considers that possibility, however, it must first consider the

---

[2] The Court notes that some Circuits have held that 28 U.S.C. § 1367, which became law in 1990, "displaced . . . whatever validity inhered in the earlier view that a permissive counterclaim requires independent jurisdiction." Jones v. Ford Motor Credit Co., 358 F.3d 205, 213 (2d Cir. 2004); accord Channell v. Citicorp Nat'l Servs., Inc., 89 F.3d 379 (7th Cir. 1996). The Eleventh Circuit has not spoken on this issue.  Neither will this Court, given its discussion of set-offs in FLSA cases.

applicability of a set-off defense in FLSA cases.  In <u>Brennan v. Heard</u>, the former Fifth Circuit considered the appropriateness of set-offs applied for the value of goods furnished by the employer to the employee against the amount due in back pay in a FLSA case. <u>Brennan v. Heard</u>, 491 F.2d 1, 3 (5th Cir. 1974), <u>overruled on other grounds</u>, <u>McLaughlin v. Richland Shoe Co.</u>, 486 U.S. 128 (1988).  That case held that, in FLSA cases, set-offs may not result in sub-minimum wage payments to an employee.  <u>Id</u>. at 1.  In rejecting the use of set-offs in FLSA cases, the <u>Brennan</u> Court stated that the "FLSA decrees a minimum unconditional payment and the commands of that Act are not to be vitiated by an employer, either acting alone or through the agency of a federal court. . . .Set-offs against back pay awards deprive the employee of the 'cash in hand' contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions." <u>Id</u>. at 4.  A later Fifth Circuit case, <u>Singer v. City of Waco, Tex.</u>, 324 F.3d 813, 828 n.9 (5th Cir. 2003) pointed out that <u>Brennan</u> does not prohibit a set-off when the set-off will not cause a plaintiff's wages to dip below the statutory minimum.  In <u>Singer</u>, overpayments of wages paid to employees in some work periods were set-off against shortfalls in other work periods.  <u>Id</u>. at 828.  In other words, the set-off in <u>Singer</u> did not cause the employees' wages to fall below the statutory minimum wage.  <u>Id</u>. at 828 n.9.

Hence, while the defense of set-off is not barred in all FLSA cases, <u>see</u> <u>Morrison v. Executive Airport Refinishing, Inc.</u>, 434 F. Supp. 2d 1314, 1321 (S.D. Fla. 2005), the instant case falls under the <u>Brennan</u> rule, and not the exception identified in <u>Singer</u>.  Here, Plaintiff claims that he was not paid for overtime hours worked. Any set-off applied to a recovery by Plaintiff would result in Plaintiff failing to receive his "cash in hand." <u>Brennan</u>, 491 F.2d at 4. Unlike <u>Singer</u>, the set-off (and counterclaim) asserted does not involve an overpayment of wages

by Defendants to Plaintiff, but instead damages allegedly caused by Plaintiff by failing to pay for a lawn mower as promised to Defendants.  In other words, allowing such a set-off would invariably cause Plaintiff not to receive the overtime payments to which he was allegedly entitled under the FLSA.[3]  Therefore, given that this type of set-off is not an appropriate affirmative defense in a FLSA case, it would be inappropriate to allow these counterclaims to proceed.  If Defendants were to prevail on their counterclaims, any judgment in Plaintiff's favor on the FLSA count would be reduced to below the minimum wage.  Such a result would run afoul of Brennan. For that reason, Defendants should instead file a separate action in the proper forum to pursue the claims alleged in the counterclaims.

---

[3] The Court notes that district courts in this Circuit have allowed set-offs in FLSA actions when the set-offs were used to reduce damages recovered by the plaintiff, but not to allow the defendant to recover an amount exceeding the plaintiff's damages.  See, e.g., Cole v. Supreme Cabinets, Inc., No. 3:06-cv-772-J-33TEM, 2007 WL 1696029 (M.D. Fla. June 12, 2007); Kirby v. Tafco Emerald Coast, Inc., No. 3:05CV341 RV/MD, 2006 WL 228880 (N.D. Fla. Jan. 30, 2006); Mercer v. Palm Harbor Homes, Inc., No. 805CV1435T30TGW,  2005 WL 3019302 (M.D. Fla. Nov. 10, 2005). However, these courts did not analyze Brennan, and this Court therefore finds those rulings unpersuasive.  Nor is the Court persuaded by Defendants'  reliance on Morrison v. Executive Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314 (S.D. Fla. 2005), Clifton v.  Kinney, No. 3:06-cv-264-J-33MMH, 2006 WL 3404813 (M.D. Fla. Nov. 24, 2006), Rakip v. Paradise Awnings Corp., 514 F. App'x 917, 920-21 (11th Cir. 2013) or Robinson v. Roofs, Structures and Management, Inc., No. 8:07-cv-1518-T-24 TBM, 2007 WL 4468695 (M.D. Fla. Dec. 18, 2007).  Morrison struck the set-off defense because the defendant failed to allege any facts in support of it.  434 F. Supp. 2d at 1322.  Clifton permitted the set-off defense after making the specific finding that the plaintiff did not allege he would receive a sub-minimum wage payment if the defendant prevailed on the counterclaim, but stated that the plaintiff could re-assert this argument if it became clear that a sub-minimum wage would result if the defendants prevailed on their counterclaim. Clifton, 2006 WL 3404813, at *3.  The Court disagrees with this conclusion, given that the plaintiff in Clifton alleged violations for overtime pay and the minimum wage provision.  Id. at * 1.  In Rakip, the court did not address the issue of set-off head-on, but instead discussed whether the parties consented to a trial of the defendant's civil theft counterclaim.  Rakip, 514 F. App'x at 920-21.  In Robinson, the court considered Brennan but decided that it did not apply based on the cases cited in this footnote, with which the Court disagrees.  Robinson, 2007 WL 4468695, at * 2.

III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that  Defendants' Motion for

Leave to Amend Answer and Add Counterclaim (DE 13) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 22nd day of January, 2014.

_____
KENNETH A. MARRA
United States District Judge